Green, J.,
delivered the opinion of the court.
This suit commenced before a Justice of the Peace, by the following warrant, viz :
“State of Tennessee, Williamson county, to the sheriff, or any constable of said county : I command you to summon B. F. Martin to appear before me, or some other Justice of said county, to answer the complaint of Nancy C. Lamb, of a plea of trespass on the case for a fraud in the trade of a horse, which he represented to be sound, but which was in " *375 fact unsound, and that well known to the defendant, to the plaintiff’s damage fifty dollars, this S,ept. 17th, 1849.
James S. Owen, J. P., [Seal.]”
Before the cause was tried in the circuit court, the plaintiff intermarried with F. A. Edwards.
Off the trial it was proved that the defendant represented the horse traded by him, to be only nine years old, when in fact, he was twenty years old. The proof establishes, that the horse was sound, and free from disease.
The court told the jury that part of tlie words of the warrant might be rejected as surplusage-; and although the jury might believe the horse was sound, yet, if they believed the defendant represented him to be nine years old, and he knew He was older, the plaintiff would be entitled to their verdict for such damages as they might think them entitled to on that account.
The jury found for the plaintiffs teh dollars damages; and the court refusing to grant a new trial, the defendant appealed to this court. - v .
We are sorry that we feel obliged to -reverse this judgment.
It is true, the adjudications, of this court, have not required that technichal accuracy in proceedings before Justices oí the Peace, that is demanded in courts of record; nevertheless, we have held, that in actions of tort, some general statement of the cause of action must be contained in the warrant. For example, if in this case, the warrant had assigned as the cause of action, only a fraud in the sale of a horse, perhaps that might have been deemed sufficient. Although, in such 'case, no definite information would have been given, as to the character of the fraud, still there would have been nothing to mislead.
But in the case before us, the warrant states a cause of action definitely and distinctly ; and there is no proof to sustain it. Proof, however, was offered,- showing a cause of action *376 entirely different from the one stated ; and the court permitted such proof to go to the jury, and told them a recovery might be had upon it. In this, we think, his Honor erred.
The statement in the warrant notified the defendant that he must defend himself against the charge of selling an unsound horse. This he has done, by proving that the horse was sound.
We are not to suppose he was prepared to prove his representation as to the age of the horse, was true.
If the statement, that the fraud consisted in selling an unsound horse, had been omitted, and the charge had been simply for fraud in the sale of a horse, the defendant, although, not accurately informed of the complaint against him ; would not have been put off his guard, and misled as to the issue he was called on to try.
It is much to be regretted, that in a case of this sort, the warrant was not amended in the court below. The parties are subjected to heavy costs, in pursuit of an ’inconsiderable demand. But, the hardship of an individual case, must not deter this court from asserting, and maintaining principles which lie at the foundation of the administration of justice.
Reverse the judgment, and remand the cause. '